CLERK'S OFFICE
A TRUE COPY
Feb 17, 2023
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

ALL FUNDS ON DEPOSIT IN WATERSTONE BANK
ACCOUNT ENDING IN X5132, HELD IN THE NAME
OF DANIEL DAVID DUCHAC JURKOWSKI

Case Number: 23 MJ 42

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, Timothy J. Loberg, being duly sworn depose and say:

I am a Task Force Officer assigned to the Drug Enforcement Administration, and have reason to believe that in the Eastern District of Wisconsin there is now certain property, namely, all funds on deposit in Waterstone Bank account ending in X5132, held in the name of Daniel David Duchac Jurkowski, that is civilly forfeitable under 21 U.S.C. § 881(a)(6) and criminally forfeitable under 21 U.S.C. § 853(a) as funds that constitute proceeds of trafficking in controlled substances or were used or intended to be used to facilitate the commission of a controlled substances offense, in violation of 21 U.S.C. § 841(a)(1), and which property is therefore also subject to seizure for purposes of civil forfeiture under 18 U.S.C. § 981(b) and 21 U.S.C. § 881(b), and for purposes of criminal forfeiture under 21 U.S.C. § 853(f).

The application is based on these facts:

  ✓ Continued on the attached sheet.

  ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Signature of Affiant
Timothy J. Loberg, DEA

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone and email.

2/17/2023 at 9:47 AM
Date and time issued

at Milwaukee, Wisconsin
City and State

William E. Duffin, U.S. Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANTS

I, Timothy J. Loberg, having been duly sworn on oath, state as follows:

## Affiant's Background

1. I am a Detective with the Waukesha County Sheriff's Department, currently assigned to the Waukesha County Drug Task Force, and have been so employed as such since January of 2011. I was federally deputized on February 14, 2023. I have received extensive investigative training in a variety of disciplines throughout my law enforcement career. I have prepared numerous affidavits in support of Search Warrants, Subpoenas and other Court Orders, and have been the lead investigator in numerous and varied complex investigations that have been prosecuted in state courts.

2. I am a graduate of the Milwaukee Area Technical College, where I obtained an Associate Degree in Police Science/Criminal Justice. Via the same college, I also obtained my State of Wisconsin Law Enforcement Certification, as verified and recognized by the State of Wisconsin Law Enforcement Standards Board.

3. Because I am submitting this affidavit for the limited purpose of establishing probable cause for the requested seizure warrants, I have not included in this affidavit every detail I know about this investigation. Rather, I have included only the information necessary to establish probable cause for the requested seizure warrants.

4. The facts set forth in this affidavit are based on my personal knowledge, including what I have learned through my training and experience as a law enforcement officer, my review of documents and other records obtained in the course of this investigation, information I have obtained in the course of this investigation from witnesses having personal knowledge of the events and circumstances described herein, and from other law enforcement officers, all of whom I believe to be truthful and reliable.

**Property Sought to be Seized**

5. I submit this affidavit in support of an application for warrants to seize the following:

   a. All funds on deposit in Waterstone Bank account ending in X5132, held in the name of Daniel David Duchac Jurkowski, and

   b. All funds on deposit in Tri City Bank account ending in X1165, held in the name of Daniel David Duchac Jurkowski.

6. For the reasons set forth below, I submit that the above-described funds are proceeds of, and traceable to, offenses of distribution/manufacturing/possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), and therefore are:

   a. Subject to criminal and civil forfeiture under 21 U.S.C. §§ 853(a) and 881(a)(6), respectively; and

   b. Subject to seizure for purposes of civil forfeiture under 18 U.S.C. § 981(b) and 21 U.S.C. § 881(b) and for purposes of criminal forfeiture under 21 U.S.C. § 853(f).

**Facts Supporting Findings of Probable Cause**

7. On September 9, 2022, a Confidential Informant (CI) was arrested in possession of more than 100 grams of marijuana and miscellaneous drug paraphernalia. After being advised of and waiving his/her rights, the CI admitted that s/he was distributing THC. According to the CI, his/her source is Daniel David Duchac Jurkowski (Jurkowski). The CI identified Jurkowski's phone number as (414) 477-2738. The CI indicated that s/he was able to get "any" amount of THC from Jurkowski.

8. For several reasons, case agents believe the CI's information is reliable and credible. Substantial parts of the CI's information have been independently corroborated and verified by law enforcement. The CI has made direct observations, which were further corroborated and verified by law enforcement. The CI's information has been consistent with information obtained from utility records, telephone toll records, vehicle registration records,

2

social media records, public databases, and surveillance. The CI has no prior criminal convictions, however, will eventually have an open case through Waukesha County Circuit Court. The CI is cooperating in lieu of prosecutorial consideration for this arrest, which has not yet been filed or charged by the Waukesha County District Attorney's Office. Once his/her work as a CI is completed, his/her arrest and cooperation as a CI will jointly be presented to that office, and his/her case remains held at this time.

9. A Wisconsin criminal history query of Jurkowski revealed that in 2013 he was arrested for municipal Disorderly Conduct and Possession of Drug Paraphernalia. In 2016 he was arrested for Possession with Intent to Deliver THC (200-1000 grams) in violation of Wisconsin State Statute 961.41(1M)(H)(2) and Possession of Drug Paraphernalia in violation of Wisconsin State Statute 961.473(1) from an arrest by the Milwaukee County Sheriff's Office. Lastly, in 2020 the City of Greenfield Police Department arrested him for municipal Possession of Marijuana.

10. On September 12, 2022, the CI advised case agents that Jurkowski had contacted the CI to arrange a marijuana transaction for 4 p.m. that date at the Target Department Store located at 3900 N. 124th Street in Wauwatosa, Wisconsin. This drug transaction was to be for one-half pound of marijuana for $850. Detective Hoppe and I responded to the predetermined location for the controlled drug transaction, arriving at approximately 3:15 p.m., along with the CI.

11. I conducted a search of the CI for any weapons, money, drugs or other contraband with negative results. I provided the CI with $850 in prerecorded US currency and equipped him/her with covert audio and video recording equipment. Detective Hoppe and I used my squad to convey the CI to the meet location, arriving at approximately 3:17 p.m. Upon arrival, the CI exited my squad, and traveled on foot to a bench located outside of the front entrance of the Target Department Store. While at that location, the CI was visually observed by surveillance units in the area, as well as movements recorded by the covert live recording equipment.

12. At approximately 3:22 p.m., Jurkowski contacted the CI, who advised CI that he (Jurkowski) was now present at the deal location. While debriefing the CI prior to this controlled drug transaction, s/he stated that Jurkowski is known to own and/or operate a white BMW SUV. I observed a white BMW SUV, bearing Wisconsin license plate AJZ-2569, parked directly behind me. From my location, I was able to take a photo, through the back window of my squad, of the occupants of the BMW SUV.

13. According to records from the Wisconsin Department of Transportation, the vehicle is registered to a Daniel David Duchac Jurkowski of 2215 W. Layton Ave, Milwaukee, Wisconsin, 53221. After I took these photographs, the BMW SUV began continuously moving to different parking spots, as Jurkowski continued speaking on the phone with the CI, attempting to locate the CI. Eventually, Jurkowski parked in an adjacent parking lot, and the CI walked over to Jurkowski's vehicle. Upon arrival to the vehicle, the CI entered the rear passenger seat. Via the live audio/video recording, I observed Jurkowski hand the CI a large heat-sealed clear bag, which I observed contained a green plantlike material that is consistent with the appearance of THC. Jurkowski then relocated his vehicle into the target location parking lot, parking closer to the entrance of the Target Department Store. Once in a parking spot there, the CI provided Jurkowski with $850. After Jurkowski received the money in question, the CI exited Jurkowski's vehicle, and began walking towards the front of the Target Department Store. While still under constant visual observation, the CI walked southbound in front of the store, until I was able to pick him/her up and travel back to the pre-determined meet location. The CI immediately turned over the baggie of suspected THC, along with the covert audio/video recording equipment. Detective Hoppe conducted a secondary search of the CI for any weapons, money, drugs or other contraband with negative results. The marijuana was field tested and was presumptively positive for THC and determined to weigh 223.8 grams without packaging.

14. Once the controlled drug transaction was complete, I reviewed the video recordings of the transaction and found them to be consistent with the CI's version of events. I also compared footage from the video with a Department of Transportation photo for Jurkowski, and determined that the driver of the BMW SUV was in fact Jurkowski.

15. On December 1, 2022, I received a phone call from the CI, who indicated that s/he had been contacted again by Jurkowski. The CI and Jurkowski agreed to meet at the Target Department Store again for the purpose of purchasing one pound of marijuana in exchange for $1,600. Detective Coats and I responded to the predetermined meet location, arriving at approximately 11:55 a.m. Upon arrival to that location, I made contact with the CI, conducting a search of him/her for any weapons, money, drugs or other contraband with negative results. Detective Coats conducted a search of the CI's vehicle for the same, and that search was also negative. I equipped the CI with covert audio and video recording equipment and supplied him/her with the $1,600 in pre-recorded US currency. Detective Coats and I then followed the CI to the target location, under constant visual observation, and arrived at approximately 12:06 p.m. Additionally, the CI remained under live video/audio feed during his/her entire assignment. At approximately 12:42 p.m., a white BMW SUV, bearing Wisconsin plate AJZ-2569, was observed entering the parking lot and parking immediately next to the CI's vehicle. From the position where I was parked, and via the live audio/video feed, I observed the CI exit his/her vehicle and enter the front passenger seat of the BMW SUV, of which Jurkowski was the only occupant. Once inside the target vehicle, the CI exchanged the $1,600 in US currency for a clear vacuum-sealed bag of suspected THC, which was placed inside of a red Sendik's shopping bag. By approximately 12:45 p.m., the exchange of money for the marijuana had occurred, and the CI got back into his/her vehicle, while the BMW SUV left the location. Upon arrival at the pre-determined meet location, the CI exited his/her vehicle and turned over the suspected THC, along with the covert audio/video

recording equipment, directly to me. Detective Coats conducted a secondary search of the CI, as well as the CI's vehicle for any weapons, money, drugs or other contraband, with negative results. The marijuana was field tested and was presumptively positive for THC and determined to weigh 449.7 grams without packaging.

16. On January 24, 2023, I received a phone call from the same CI, indicating that he/she had been contacted again by Jurkowski. The CI and Jurkowski agreed to meet at the Target Department Store on 4798 South Moorland Road in New Berlin, Wisconsin for the purpose of purchasing one pound of marijuana in exchange for $1,900. Detective Coats and I responded to the pre-determined meet location, arriving at about 3:37 p.m. I made contact with the CI at about 3:42 p.m., first searching his/her person for any drugs, money or other contraband with negative results. Detective Coats searched the CI's vehicle for the same, a search that was negative. I equipped the CI with $1,900 in pre-recorded US currency, along with covert audio/video recording equipment. Detective Coats and I then followed the CI to the target location, maintaining constant visual observation. Shortly thereafter, the CI received a text message from Jurkowski stating that he was on his way. At about 4:40 p.m., a white BMW SUV bearing Wisconsin plate AJZ-2569 arrived at the target location, parking next to the CI. The CI entered the front passenger seat of that vehicle, and Jurkowski was observed via live audio/video feed driving the CI along the adjacent storefronts, before circling back to the CI's vehicle. Once parked, the CI provided Jurkowski with the $1,900 in US currency, in exchange for a vacuum sealed baggie containing green plant-life material that is consistent with the appearance of marijuana. Once the deal was done, the CI got back into his/her vehicle, while the target BMW SUV left the location. While under constant visual observation, the CI traveled back to the pre-determined meet location. Upon arrival, the CI exited his/her vehicle and turned over the suspected marijuana, along with the covert audio/video recording equipment directly to me. Detective Coats conducted a secondary search of

the CI's vehicle, for any weapons, money, drugs or other contraband, with negative results. The marijuana was field tested and was presumptively positive for THC and determined to weigh 435 grams without packaging.

17. Immediately after this controlled drug transaction, and at my request, the BMW SUV was stopped by the City of New Berlin Police Department. Jurkowski was positively identified as the operator and sole occupant of the vehicle. Additionally, I observed Jurkowski in person, and confirmed that he is in fact the target of all three of the above-discussed controlled drug transactions.

18. During a search of Jurkowski's vehicle, identifiers for Jurkowski were located, along with numerous documents from financial intuitions containing both Jurkowski's name, and identifying his address as 8030 W. Manitoba St, West Allis, Wisconsin 53219. The same $1,900 in pre-recorded US currency supplied for the controlled drug transaction on January 24 was also located and seized.

19. Review of the documents obtained from Jurkowski's vehicle reflects that he was in possession of a check deposit slip from **Waterstone Bank**, dated January 17, 2023, at 10:31 a.m. According to the deposit slip, a check was deposited into **Waterstone Bank Account x5132**, in the amount of $1,890. As of that date, the balance in **Waterstone Bank Account x5132** was $34,567.90.

20. Also present in Jurkowski's vehicle was a check deposit slip from **Waterstone Bank**, dated January 23, 2023, at 2:46 p.m. According to the deposit slip, a check was deposited into **Waterstone Bank Account x5132**, in the amount of $3,000. As of that date, the balance in **Waterstone Bank Account x5132** was $40,290.90.

21. According to bank records, Jurkowski is the only signatory on **Waterstone Bank Account X5132.**

7

## Search Warrant at Jurkowski's Residence

22. On January 24, 2023, I applied for a search warrant of Jurkowski's residence on Manitoba Street. That same date, the warrant was issued by the Honorable Lloyd V. Carter, Waukesha County Circuit Court Commissioner.

23. While waiting for the execution of the search warrant of this residence, DCI Special Agent (SA) Jeff Hale conducted surveillance of the West Manitoba Street residence. SA Hale advised that he observed a 2022 Chevrolet Trailblazer SUV park on the street near West Manitoba Street residence. A female was observed exiting that vehicle and entering the east side entrance of the West Manitoba Street residence. Shortly thereafter, a silver Mercedes arrived, and a male exited the passenger side of the Mercedes. The male approached the same door on east of the West Manitoba Street residence. The door was partly ajar, and SA Hale observed the male engage in conversation with the female. The conversation lasted approximately 3 to 5 minutes, at which point the male then reentered the passenger side of the Mercedes and the vehicle left. This male was subsequently identified by photograph as Dominic Christopher Wilson. Shortly after the Mercedes left the area, the female then exited the residence, got back into the 2022 Chevrolet Trailblazer SUV, and left the area. Thereafter, a female who was later identified by photograph as Jennifer J. Jurkowski, and an unknown male entered the east main entrance to the West Manitoba Street residence. After approximately 10 minutes, Jennifer was observed exiting the same area carrying a garbage type bag and walking towards the rear of the West Manitoba Street residence. Approximately 30 seconds later, Jennifer entered the same entrance, no longer carrying the bag.

24. During the execution of the search warrant, members of the Waukesha County Tactical Enforcement Unit made contact with Jennifer J. Duchac (also known as Jennifer Jurkowski). Jennifer confirmed that she lived in the upper portion of the residence, 8032 W.

8

Manitoba Street, and that the property is owned by her son Daniel. Jennifer stated that she pays Daniel rent to live at the property. Detective Coats asked Jennifer for consent to enter her apartment once the lower portion of the residence was cleared and consent was denied.

25. During the execution of the search warrant of Jurkowski's residence, the Waukesha County Drug Task Force seized approximately 11.2 grams of THC, along with approximately $72,420 in US currency that was stored in a safe in the basement. The approximately $72,420 in US currency was held together inside of the safe via separately rubber banded bundles, of which were made up of 7 separate bundles containing $100 bills, and 1 $20 bill. Based on my training and experience, and the investigation to date, given the packaging of the currency, Jurkowski's drug sales, and apparent lack of legitimate employment, I believe that the currency is proceeds from his drug trafficking activities.

26. No documentation, pay stubs, or other financial records were located that reflected any legitimate means of employment for Jurkowski. Additionally, throughout the entirety of the investigation, there has been no evidence or surveillance suggested that Jurkowski was engaged in legitimate employment. A Law Enforcement database identified Jurkowski as being associated with D Enterprises, LLC. According to records from the Wisconsin Department of Financial Institutions, D Enterprises, LLC is listed as a "Nonstore Retailer," with a street address of 8030 W. Manitoba St. West Allis, Wisconsin 53219, and phone number of (414) 477-7238. Notably, the CI identified Jurkowski's phone number as (414) 477-2738 and this is the phone number that was used to set up the three controlled buys. The State of Wisconsin Department of Workforce Development was queried regarding this business, and advised that no records exist related to Jurkowski, D Enterprises LLC, or the associated EIN number.

27. During the execution of the same residential search warrant, information was discovered that Jurkowski is in control, and is a keyholder of, **TriCity Bank** 3"x10" safety deposit

box #1127, within the **TriCity Bank** branch located at 3378 South 27th Street in the City of Milwaukee. On January 25, 2023, I obtained a search warrant for, and conducted a search of that safety deposit box. During the execution of the search warrant, I recovered approximately $275,000 in US currency. The currency was rubber-banded into separated denominations of cash, consisting of 27 bundles of $100 bills estimated to be $10,000 each bundle, and then 2 large rubber banded bundles of numerous $50 bills. Based on my training and experience, and the investigation to date, given the packaging of the currency, Jurkowski's drug sales, and apparent lack of legitimate employment, I believe that the currency is proceeds from his drug trafficking activities. According to records from **TriCity Bank**, Jurkowski is also the owner of **TriCity Bank** account X1165.

28. On January 31, 2023, the approximately $275,000 in US currency was subjected to a canine sniff at the Milwaukee High Intensity Drug Trafficking Area (HIDTA). Milwaukee Police Department Officer Conway and his K9 partner Flexy were present. The US currency was hidden in two areas in the HIDTA lobby, which Flexy searched. Flexy provided a positive indication on both packages of U.S. currency.

29. On January 26, 2023, Detective Coats began reviewing outgoing phone calls made by Jurkowski while he was in custody at the Waukesha County Jail. Detective Coats learned that Jurkowski had made a total 23 phone calls to three different numbers. The phone numbers are identified as (414) 218-7996, (414) 639-1763 and (414) 888-1600. Through review of the phone calls and utilizing various law enforcement databases, the user of (414) 888-1600 was identified as Dominic Christopher Wilson, the user of (414) 218-7996 as Jennifer Jurkowski and the user of (414) 639-1763 as Tehya M John. Notably, according to bank records, Jennifer Duchac (also known as Jennifer Jurkowski) accessed **TriCity Bank** safety deposit box #1127 twice on January 24, 2023.

30. Detective Coats reviewed the surveillance video from the controlled drug transaction that took place on January 24, 2023. Detective Coats noted that during the transaction Jurkowski was on the phone with the contact "Dom." Listening to the second phone call, made to Jennifer, Jurkowski directed her to call "Dom" at which point Jennifer informed Jurkowski that "Dom" had already been at the house. In the following phone call, Jurkowski told Jennifer that he was on the phone with "Dom" at the time of the traffic stop. While in custody, Jurkowski made one phone call to Dominic, (414) 888-1600. Dominic told Jurkowski not to say anything and that he has already talked to Jennifer and Tehya. The phone call was cut off due to lack of funds. Based on my training and experience, and the investigation to date, I believe that "Dom" was aware of the third controlled drug transaction, as well as the fact that Jurkowski was subsequently stopped by the police. Additionally, case agents believe that "Dom" removed items of evidentiary value from Jurkowski's residence subsequent to his arrest.

31. Detective Coats reviewed additional jail calls made to Jennifer on January 25, 2023, at 7:25 p.m. Jennifer advised Jurkowski that she would be putting the phone on speaker and again asked if he had talked to "Dom." They began discussing Jurkowski's bail, estimating that he would get $10,000. Jennifer informed Jurkowski that Tehya had gotten the money and that she would be depositing it into her account and obtaining a cashier's check. Jurkowski asked where the money was coming from, and Jennifer indicated "Dom." During the middle of the phone call Dominic arrived and began talking with Jurkowski. Dominic informed Jurkowski that he "took care of some things, immediately. Everything." Jurkowski sounded to be relieved by this and Dominic informed him that he has "nothing to worry about." Based on my training and experience, and the investigation to date, I believe that Dominic and Jennifer moved evidence of Jurkowski's drug trafficking from his residence.

32. On January 26, 2023, case agents obtained a search warrant for Dominic Wilson's residence on South 92nd Street, Milwaukee, Wisconsin. During that search, the Waukesha County Drug Task Force seized 527.6 grams of THC, several items of drug paraphernalia, and two firearms. During a subsequent interview attempt of Wilson, he did not waive his *Miranda* pre-interrogation warning, therefore, he was unable to be interviewed. While engaging in casual conversation with me while he was in custody, Wilson stated that he was "trying to help a friend out" and got caught. Also, located along with one of the firearms was a receipt for the purchase of said firearm, identifying the owner as Jurkowski. I believe these circumstances corroborate the suspicion that Wilson removed items of evidentiary value from Jurkowski's residence, including marijuana and firearms.

**Applicable Asset Forfeiture Provisions**

33. Under 18 U.S.C. § 984, a court may order the forfeiture of funds in a bank account into which monies subject to forfeiture have been deposited, without the need to trace the funds currently in the account to the specific deposits that are subject to forfeiture, up to the amount of the funds subject to forfeiture that have been deposited into the account within the past one-year period.

34. Section 984 (a) provides in part:

(1) In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution

(A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and

(B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.

12

(2) Except as provided in subsection (c), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

35. 18 U.S.C. § 984(b) provides: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense."

36. Thus, under Section 984, a court may order the civil forfeiture of monies found in a bank account into which deposits of criminal proceeds subject to forfeiture had been made, up to the amount of the forfeitable deposits that have been made into the account within the prior one-year period, without the need for tracing the funds to be forfeited to any of the specific forfeitable deposits.

37. I submit that a restraining order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the funds for forfeiture because I have been advised of cases in which, even after a restraining order or similar process has been issued to a financial institution, the funds sought to be restrained were not effectively restrained by the financial institution. In my judgment, seizure warrants would be the most effective way to assure the availability of the monies sought to be seized for forfeiture.

**Conclusion**

38. Based on the facts and circumstances set forth in this affidavit, I submit that there exists probable cause to believe that (1) all funds on deposit in Waterstone Bank account ending in X5132, held in the name of Daniel David Duchac Jurkowski, and (2) all funds on deposit in Tri City Bank account ending in X1165, held in the name of Daniel David Duchac Jurkowski, are proceeds of, and traceable to, offenses of distribution/manufacturing/possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), and therefore are:

a. Subject to criminal and civil forfeiture under 21 U.S.C. §§ 853(a) and 881(a)(6), respectively; and

b. Subject to seizure for purposes of civil forfeiture under 18 U.S.C. § 981(b) and 21 U.S.C. § 881(b) and for purposes of criminal forfeiture under 21 U.S.C. § 853(f).

CLERK'S OFFICE
A TRUE COPY
Feb 17, 2023
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF WISCONSIN

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

ALL FUNDS ON DEPOSIT IN WATERSTONE BANK
ACCOUNT ENDING IN X5132, HELD IN THE NAME
OF DANIEL DAVID DUCHAC JURKOWSKI

Case Number: 23 MJ 42

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

TO: **TIMOTHY J. LOBERG, a Task Force Officer assigned to the Drug Enforcement Administration, and any Authorized Officer of the United States**.

An application by a federal law enforcement officer or an attorney for the government requests that certain property be seized as being subject to forfeiture to the United States of America. The property is described as follows:

All funds on deposit in Waterstone Bank account ending in X5132, held in the name of Daniel David Duchac Jurkowski

I find that the affidavit and any recorded testimony establish probable cause to seize the property.

**YOU ARE HEREBY COMMANDED** to search on or before ___March 3___, 2023
*(not to exceed 14 days)*

☒ in the daytime – 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night, as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to United States Magistrate Judge William E. Duffin.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. §2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person, who, or whose property, will be searched or seized *(check the appropriate box)*   ☐ for ___ days. *(not to exceed 30)*
☐ until, the facts justifying, the later specific date of ___

Date and time issued: Feb. 17, 2023; 9:45 a.m.

*William E. Duffin*
Judge's signature

City and state: Milwaukee, Wisconsin

THE HONORABLE WILLIAM E. DUFFIN
United States Magistrate Judge
*Name & Title of Judicial Officer*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of: | | |
| Inventory of the property taken: | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*